The Honorable Ralph "Buddy" Blair State Representative 5220 Highland Drive Fort Smith, AR 72930
Dear Representative Blair:
This is in response to your request for an opinion regarding the legality of state supported universities providing private marketing research to private entities for a fee, and in competition with other private concerns. If certain conditions are met, it is my opinion that this practice is permissible.
The controlling Arkansas law is Arkansas Code Annotated 6-62-401
which provides in pertinent part:
 (a) The boards of trustees of the state institutions of higher learning are authorized to grant permission to employees of those institutions to conduct, on and in campus facilities, certain outside work for private compensation as described below which are to be engaged in only after they have discharged fully their employment responsibilities to those institutions.
The statute goes on to provide that in each instance the board must conclude that the private activity will present no conflict of interest with the mission and purpose of the institution, that the activity will bring potential future students to the campus by exposing them to the private activity being conducted, and that the activity will generate funds to be paid to the institution for housing, meals, and other auxiliary functions of the institution.
The board is required under the statute to reduce its grant of permission to a writing, which shall include a statement of charges to be paid by the state employee to the institution as costs incurred in operating and maintaining the facilities the employee is utilizing. Periodically the employee must also submit a financial report detailing the revenues and expenses of the private activity.
It should be noted that A.C.A. 6-62-401 requires the state employee to ensure that all clients are advised of the fact that they are engaging in business with the employee, and not the institution or the state. The statute does not cover private business activity conducted by the state institution in its capacity as such, nor are we aware of any provisions addressing that matter.
If the above provisions of the statute are met, (primarily granting of permission by the board), it must be concluded that the activity about which you have inquired is indeed "legal". This conclusion is reached, however, without the benefit of interpretive case law on point.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.